FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAAMAN SHEPARD, | No. 09-35291 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00434-RAJ |
| v. | |
| FOREMOST INSURANCE COMPANY INC., | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 3, 2010
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Naaman Shepard (Shepard) appeals the district court's judgment following a

bench trial that the marine insurance policy issued by Foremost Insurance

Company (Foremost) did not cover his loss.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The Washington proximate cause rule, *see Wright v. Safeco Ins. Co. of Am.*, 124 Wash. App. 263, 273-74 (Wash. Ct. App. 2004), and the federal proximate cause rule, *see Commodities Reserve Co. v. St. Paul Fire & Marine Ins. Co.*, 879 F.2d 640, 643 (9th Cir. 1989), are substantially similar. Therefore, any error in applying the Washington law was harmless. *See Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1134-35 (9th Cir. 2003) (applying harmless error to a choice of law decision).

**2.** The policy exclusion for "lack of reasonable care or due diligence in the maintenance of your watercraft" is unambiguous and must be enforced. *See Conrad v. Ace Prop. & Cas. Ins. Co.*, 532 F.3d 1000, 1005 (9th Cir. 2008).

**3.** The district court did not clearly err in finding that the efficient proximate cause of the loss was a lack of reasonable and proper maintenance because trial testimony supports the finding. *See Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 576 (9th Cir. 1995).

**4.** Shepard's reliance on *Founders' Ins. Co. v. Rogers*, 305 F.2d 944 (9th Cir. 1962) is inapt. *Rogers* was decided under English law and a policy provision

2

providing that the vessel owner discharged his responsibility under the policy by delegating the maintenance responsibility to the master. *See id.* at 945.

**AFFIRMED.**